UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-428-JBC

WILMA H. MCCARTY,                                                                               PLAINTIFF,

V.                           MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                                DEFENDANT.

* * * * * * * * * *

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the commissioner's denial of her application for Disability Insurance Benefits ("DIB") (DE 8, 9). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

I. **Overview of the Process**

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25

F.3d 284, 286 (6th Cir. 1994).  The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility.  *See id.*  Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II.  The ALJ's Determination

The plaintiff is a fifty-eight-year-old female with an eighth-grade education and a GED certificate.  AR 18.  She alleges disability beginning June 10, 2004, due to right upper-extremity radial radiculopathy, lower-extremity venous insufficiency versus venous stasis, hypertension, hypothyroidism, and diminished visual acuity.

AR 18. The plaintiff filed a claim for DIB on August 13, 2004, which was denied initially and on reconsideration. AR 18, 31. After a hearing held on March 7, 2006, Administrative Law Judge ("ALJ") Timothy G. Keller determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 18-21. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity. AR 18. At Step 2, the ALJ found that the plaintiff's impairments or combination of impairments are not severe, precluding a finding that the plaintiff is disabled. *Id.* The ALJ found that the impairments do not significantly limit the plaintiff's ability to perform basic work-related activities. *Id.* On November 24, 2006, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, *see* AR 8-10, and the plaintiff then commenced this action.

**III. Legal Analysis**

The plaintiff argues that the ALJ's determination that her impairments are not severe is not supported by substantial evidence. A non-severe impairment is one that does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Basic work activities include the abilities and aptitudes necessary to do most jobs. 20 C.F.R. § 404.1521(b)(1)-(6).

At step 2, the claimant bears the burden of proving that her impairments are severe. *See Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). Nonetheless, an ALJ should not conclude that a claimant's condition is non-severe if the ALJ "is unable

3

to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities." Social Security Ruling ("SSR") 85-28. If the effect of the claimant's impairments is not clear, the ALJ should continue the 5-step evaluation. *Id*.

The ALJ found that the claimant has the following medically determinable impairments: hypertension, hypothyroidism, diminished visual acuity, right upper-extremity radial radiculopathy, and lower-extremity venous insufficiency versus venous stasis. AR 18. The plaintiff contends that these impairments are severe, either singly or in combination, and significantly affect her ability to perform work related activities. Based on the evidence in the record, the ALJ found that the claimant's combination of impairments does not significantly limit her ability to work.

There is substantial evidence in the record to support the ALJ's finding that the claimant's impairments are not severe. Dr. Tony Mancuso and Dr. S. Mukherjee, the only relevant acceptable medical sources in the record, both indicated that the plaintiff's impairments were not severe. Only an acceptable medical source can establish the existence of a medically determinable impairment, give medical opinions in disability determinations, or be considered as treating sources whose opinions are entitled to controlling weight. *See* 20 C.F.R. § 404.1513(a), 1527(a)(2); SSR 06-03p. Dr. Mancuso, a consultative examiner, found no objective medical evidence indicating the plaintiff was significantly limited

in her ability to stoop, bend, reach, sit, stand, move about, lift, carry, handle objects, or travel.[1]  AR 21, 117.  Dr. Mukherjee, a state agency medical consultant, reviewed the plaintiff's medical records and affirmed the initial determination that the plaintiff's impairments were non-severe.  AR 135.  The plaintiff also argues that her hypertension and diminished visual acuity limit her ability to perform basic work activities, but she admitted in 2004 that her hypertension was well controlled at home, and Dr. Mancuso found that the plaintiff's corrected vision was 20/20.  AR 19, 116.  The court finds that the ALJ properly considered the plaintiff's impairments singly and in combination in determining that they were non-severe.

The plaintiff relies primarily on the opinions of her treating nurse, Nurse Julia Maness, to support the severity of her impairments.  The ALJ considered these opinions in his report, but did not find them determinative because Nurse Maness is not an acceptable medical source.[2]  AR 19-21.  The plaintiff contends that the ALJ made a reversible error of law by failing to give any weight to Nurse Maness's functional assessment.  While a nurse can provide insight into the severity of a claimant's impairments and how they affect the claimant's ability to function, he or she cannot give a medical opinion and cannot establish a medically determinable impairment.  *See* SSR 06-03p.  When evaluating a conclusion from a non-

---

[1] Dr. Mancuso observed a full range of motion, normal strength, and normal reflexes in the plaintiff's right arm.  Although he did observe abnormal sensory changes, he was unable to offer a definitive diagnosis.   AR 20.

[2] Nurses are not acceptable medical sources for Social Security disability determinations.  20 C.F.R. § 1513(a).

acceptable medical source, the ALJ may accord it such weight as deemed appropriate based upon medical evidence. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530-31 (6th Cir. 1997); SSR 06-03p.

In deciding whether to grant probative weight to the opinion of a non-acceptable medical source, the ALJ should consider the following factors: (1) how long and how frequently the source has seen the individual; (2) how consistent the source's opinion was with other medical evidence; (3) the degree to which the source presents relevant evidence to support an opinion; (4) how well the source explains her decision; and (5) whether the source has a specialty or area of expertise related to a claimant's alleged impairment. *See* SSR 06-03p.

Substantial evidence supports the ALJ's decision not to grant probative weight to the nurse's functional assessment. Although Nurse Maness treated the plaintiff over a fourteen-month period, her opinion was not consistent with the medical record. Nurse Maness documented pain and weakness in one upper and one lower extremity, but Dr. Mancuso found no medical impairments that would significantly limit the plaintiff's ability to do basic work activities. AR 115-17, 149-52. The ALJ considered the nurse's evaluation, but found it inconsistent with the medical record, as well as the nurse's own treatment notes.[3] AR 19-20. Nurse

---

[3] Nurse Maness first reported the plaintiff's lower-extremity pain and weakness in May of 2005, but in February 2006 the plaintiff presented no complaints of lower-extremity symptoms. AR 153, 155. Nurse Maness later determined that this impairment could limit the plaintiff's ability to perform basic work activities, but a severe impairment must last at least 12 months to meet the durational requirement. AR 19-21; 20 C.F.R. § 404.1509.

Maness does not have a specialty related to any of the plaintiff's impairments, and did not explain how she determined the plaintiff's limitations. AR 149-52. The court finds that the ALJ properly applied the relevant legal standards in granting no probative weight to Nurse Maness's functional assessment.

The plaintiff also argues that the ALJ erred in his assessment of the plaintiff's credibility. The ALJ is required to consider all of a claimant's symptoms, including pain, in determining whether she is disabled. 20 C.F.R. § 404.1529(a). Before these symptoms will lead to a finding of disability, however, medical signs must exist which show the claimant has an impairment that could reasonably be expected to produce the symptoms alleged. 20 C.F.R. § 404.1529(b). When such medical signs are present, the ALJ must then evaluate how the intensity and persistence of the symptoms affect the claimant's ability to work. 20 C.F.R. § 404.1529(c); *see also Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994). In performing this inquiry, the ALJ must consider the objective medical evidence, evidence of the claimant's daily activities, the frequency and intensity of the claimant's pain, any precipitating or aggravating factors, any medications taken to alleviate the pain, and any other measures taken to remedy the claimant's pain. *See Felisky*, 35 F.3d at 1039-40; 20 C.F.R. § 404.1529(c)(3). Although an ALJ's credibility findings are to be accorded significant deference, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence. *See Walters*, 127 F.3d 525, 531 (6th Cir. 1997).

The ALJ found the plaintiff's statements concerning the intensity, duration and limiting effects of her symptoms were not entirely credible. AR 21. The plaintiff argues the ALJ gave too much weight to her daily activities, her dislike of doctors, and her inconsistencies with the medical record. Although the ALJ mentioned these considerations in support of his decision, he relied primarily on the record's lack of medically determinable impairments that could reasonably be expected to produce the symptoms alleged. AR 21. Dr. Mancuso found that there was no objective medical evidence indicating the plaintiff was significantly limited in her ability to reach, sit, stand, move about, lift, carry, handle objects, or travel. AR 117. Dr. Mukherjee concurred. AR 135. In light of this medical record, the ALJ found the plaintiff's "fairly robust range of daily activity generally inconsistent with her allegations of debilitating pain."[4] AR 20-21. The court finds that the ALJ's assessment of the plaintiff's credibility and pain was based on substantial evidence, including the ALJ's assessment of the plaintiff's testimony, her daily activities, and the medical record. AR 20-21.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 9) is **GRANTED**.

---

[4] The ALJ noted the plaintiff's full range of household chores including: washing dishes, washing laundry, sweeping, and vacuuming. AR 20.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 8) is **DENIED**.

Signed on August 13, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY